

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Mr. L. P. Heard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-807
Re: Fees of county officers
in lunacy cases, for court
attendance, in care of pri-
soners, in elections, in ju-
venile cases, birth and
death and other commiss-
ioners' Court matters, and
in criminal cases.

Your request for an opinion on the questions as are herein stated has been received by this office.

Your letter reads in part as follows:

"Should the following fees, that come under the scope of the fees of office and formerly paid to the various officers by the County General Fund now be paid to the offices for the benefit of the office and in turn be placed to the credit of the respective for the salary fund:

"In Lunacy Cases: Fees for executing writ, summons wit-
nesses, jury fee, committment; release,
conveyance of defendant to asylum;
guard if necessary, and other expense
incident to the delivery to the asylum;
the County Clerk for his fees in lunacy
cases, the County Attorney his fee and
the County Judge his fee in such cases.

"Court Attendance: The Sheriff his fee for court atten-
dance in both County and District
Court, For hire for jail guard.

"Prisoners:

For feeding prisoners while in jail, the amount allowed per day to be fixed by the Commissioners' Court according to law and the statutory amount for safe-keeping of prisoners; and for conveyance of prisoners to state prison,

"Elections:

Posting all notices in school tax or bond elections; posting notices of trustees elections; post notices of any kind of elections and delivery of boxes for holding same. The clerk for receiving and tabulating returns of any general election.

"In Juvenile:

The expense of all officers in such cases, especially the Sheriff in arrest and conveyance to reformatory.

"Birth and death and other Commissioners' Court matters:

For recording births and death as required to be the price to be fixed by the Commissioners' Court; record of soldiers and sailors discharges; certified copies of proceedings required by the Commissioners' Court and for keeping index as required by law.

"Criminal fees:

The County Judge his trial fee in all criminal cases, and in delinquent cases.

The County Attorney has fee in dependent and neglected children and delinquents."

Section 5 and Section 5 of Article 3912e, Revised Civil Statutes, read as follows:

"Section 3. In all cases where Commissioners' Court shall have determined that county officers or precinct officers of such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive such salaries in lieu of all other fees, commissions or compensation which they would otherwise.

be authorized to retain; provided, however, that the
Assessor and Collector of Taxes shall continue to col-
lect and retain for the benefit of the Officers' Salary
Fund or funds hereinafter provided for all fees and
commissions which he is authorized under the law to
collect; and it shall be his duty to account for and to
pay all such monies received by him into the fund
created and provided for under the provisions of this
act; provided further, that the provisions of this sec-
tion shall not affect the payment of costs in civil
cases by the state but all such costs so paid shall be
accounted for by the officers collecting the same, as
they are required under the provisions of this act to
account for fees, commissions or costs collected from
private parties."

"Section 5. It shall be the duty of all officers
to charge and collect in the manner authorized by law
all fees and commissions which are permitted by law
to be assessed and collected for all official ser-
vices performed by them. As and when such fees are
collected they shall be deposited in the Officers'
Salary Fund, or funds provided in this act. In the
event the Commissioners' Court finds that the failure
to collect any fee or commission was due to neglect on
the part of the officer charged with the responsibility
of collecting same, the amount of such fee or commission
shall be deducted from the salary of such officer. Be-
fore any such deduction is made, the Commissioners'
Court shall furnish such officer with an itemized state-
ment of the uncollected fees with which his account is
to be charged and shall notify such officer of the time
and place for a hearing on same, to determine whether
such officer was guilty of negligence, which time for
hearing shall be at least ten days subsequent to the
date of notice. Unless an officer is charged by law
with the responsibility of collecting fees, the Com-
missioners' Court shall not in any event make any de-
ductions from the authorized salary of such officer."

Section 5 of Article 3912e, above quoted, specifically
provides that where the Commissioners' Court shall have determined
that county officers or precinct officers of such county shall
be compensated for their services by the payment of an annual
salary, neither the State of Texas nor any county shall be charged
with or pay to any of the officers so compensated, any fee or com-
mission for the performance of any or all of the duties of their
offices for such officer shall receive a salary in lieu of
all other fees, commissions or compensations which they would

otherwise be authorized to retain. However, under the provisions of this statute, the Tax Assessor and Collector shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under the law to collect. This section of the statute does not affect the payment of costs of civil cases by the state but all such costs so paid shall be accounted for by the officers collecting the same, as is required under the provisions of the act to account for fees, commissions, and costs collected from private parties.

Section 5 of Article 3912e, supra, provides that it shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in the act.

It can be seen that under the provisions of the statute above quoted that the state or county shall not be charged with or pay to any county or precinct officer any fee or commission for the performance of any or all of the duties of such office, except the costs in civil cases by the state and fees collected by the Assessor and Collector of Taxes, and all such costs so paid shall be accounted for by the officer collecting the same, as they are required under the provisions of the act to account for fees, commissions and costs collected from private parties.

Under Section 5 of Article 3912e, supra, it is the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them. As and when such fees are collected they shall be deposited with the Officers' Salary Fund, or funds provided for in the act. All fees, commissions, and costs which such offiers are authorized by law to collect are those fees, commissions and costs that private parties are required to pay under the law, and costs in civil cases by the state, and fees collected by the Tax Assessor-Collector.

Opinion No. O-259 referred to in your letter holds in effect that a lunacy proceeding is a civil proceeding, and that in counties where officers are compensated on a salary basis, the County Clerk should collect fees on lunacy cases and deposit such fees in the Officers' Salary Fund of the county.

This department has repeatedly held that officers in juvenile cases are entitled to no fees except that the Sheriff

may be compensated for conveying the juvenile to the reformatory. And this department has further held that the County Attorney is not entitled to any fee in cases of delinquent and neglected children.

Your question may be restated as follows: What fees, commissions, and costs are county and precinct officers who are compensated on a salary basis required to collect and pay to the Officers' Salary Fund?

You are respectfully advised that it is the opinion of this department that all county and precinct officers who are compensated on a salary basis are required to collect all costs in civil cases by the state and all fees, commissions and costs from private parties who are required by law to pay such fees, commissions and costs.

The costs in civil cases by the state and all fees, commissions and costs collected from private parties who are required by law to pay such fees, commissions and costs when collected by county or precinct officers compensated on a salary basis must be deposited in the Officers' Salary Fund of the county.

The tax assessor-collector shall collect all fees required by law to be collected by the tax assessor-collector and he shall deposit such fees in the Officers' Salary Fund of his county.

No county or precinct officer who is compensated on a salary basis shall collect from the state or county any fees, commissions or costs for any or all of the duties performed by him except the costs of civil cases by the state.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:GO
APPROVED:
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB